Delivered February 13, 1891.

---

E. J. BIERING v. GULF, COLORADO & SANTA FE RAILWAY COMPANY.

No. 3041.

1. **Charge—Care Required of Railway Company Against Fire.**—In an action for damages from fire caused by negligence on part of a railway the court, after defining the degree of care, charged the jury to find for the plaintiff if the fire originated on the right of way and was carried to the adjacent premises by gross carelessness on the right of way, and then further instructed the jury that if they found that the fire originated outside the right of way by fire escaping from the defendant's en-

gines or appliances, then the liability for damages would depend upon the question of negligence of the defendant company or its servants, again defining negligence.   *Held:*

1.   The charge being correct in principle was not misleading in intimating that the burden of proving due care on part of the defendant was removed from it.

2.   If plaintiff desired the charge as to the burden of proof resting upon the defendant he should have requested the charge.

2.   **Testimony Relevant.**—The fires occasioning the damages claimed occurred on two different days.   The plaintiff did not allege or show the particular engines, nor the time of day of the fires.   It was competent and relevant to prove that all the engines which passed plaintiff's place on the days the fires occurred were in good order, well supplied with all proper appliances to prevent the escape of fire, and properly operated.

3.   **Sufficient Testimony.**—It was not incumbent upon the defendant company to identify the particular engines from which the fires escaped, and to negative carelessness touching them.

4.   **Same.**—Testimony having been produced to proper care as to all the engines passing on the two days, it tended to prove proper care as to the particular engine or engines from which the fire escaped.   The effect of the testimony was for the jury, and the verdict is not without testimony to the fact of proper care on part of the defendant.

APPEAL from Galveston.   Tried below before Hon. W. H. Stewart.
The opinion states the case.

*L. E. Trezevant*, for appellant.—1.   Where property along the line of a railroad is burned by sparks of fire escaping from a passing locomotive engine, though the fire originated outside the right of way, negligence is presumed, and it devolves upon the company to rebut this presumption by proof.   The jury were misled by the charge.   Railway v. Horne, 69 Texas, 643.

2.   The burden being upon appellee to show an absence of negligence, this demand of the law is not satisfied unless appellee shows by undisputed evidence that appellee was using at the times in question, and upon the very engine which caused the two fires, the best and most approved mechanical appliances known and in use to prevent the escape of fire from its engine and sparks from its smokestack, and that the same were in good repair and condition and were operated by a skilled engineer in a careful manner.   The depositions objected to were offered for the purpose of making such a showing, but were irrelevant and incompetent for such purpose and ought to have been excluded.   Railway v. Benson, 69 Texas, 407.

*J. W. Terry*, for appellee.—1.   The charge of the court was more favorable to the plaintiff than it should have been, in that it made the defendant company liable absolutely, as a matter of law, if the fire started on the right of way, regardless of whether it was started by the negligence of the defendant company or not.   In all other respects the charge, as far as it went, was eminently correct.   If the plaintiff desired a specific charge to the effect that the burden of proof was on the defendant to show that its engines were properly equipped, he should have asked such

charge or in some way called the attention of the court thereto.  In any event such a charge in this case would have been unimportant, for the reason that the evidence was all one way without contradiction and to the effect that the defendant had properly equipped its engines and properly operated the same.

2.    The evidence shows that all of the defendant's engines which passed the place where the fire occurred on the dates in question were properly equipped and properly operated, and particularly shows that the particular engines which defendant's witness testified caused the fires were so properly equipped and operated.

STAYTON, CHIEF JUSTICE.—This action was brought to recover damages for loss of property by fire, alleged to have been caused by the escape of fire from appellee's locomotives on separate days.

The court instructed the jury as to the degree of care it was incumbent on the railway company to use to prevent the escape of fire, and then, in effect, instructed the jury to find for the plaintiff if the fire originated on the company's right of way and was carried to the adjacent premises by grass burning on the right of way.

After thus charging, the court gave the following charges: "If you believe from the evidence that the fire did not originate on the defendant's right of way, but that the fire originated outside of defendant's right of way by fire escaping from the defendant's engine or appliances, then the defendant's liability for the damage for the destruction of plaintiff's property would depend upon the question of negligence of defendant company or its servants; for if the fire so imparted was by reason of the negligence of the defendant or its agents or servants, then the company would be liable for the damages, but if it was not by reason of the negligence of defendant or its servants, then plaintiff could not recover any damages.   Negligence on the part of defendant company or its servants is the want of such care and prudence as careful and prudent persons in that employment would use under similar circumstances.   Negligence is a question of fact to be determined by you from the evidence just as you determine any other fact."

"But if the fire started outside of defendant's right of way, then the plaintiff could not recover any damages unless the fire was caused by the negligence of defendant company or its servants.

"Railway companies are permitted by law to run their trains, propelled by steam generated by fire, and are not liable for fires outside of its right of way caused by sparks from its engine and appliances unless such sparks were the result of negligence on the part of the company or its employes. And the company and its servants are required to use care and prudence to have their engines and appliances provided with the best known spark

arresters and best known appliances to prevent, as far as practicable, the escape of fire."

It is not claimed that the charges quoted were incorrect as propositions of law, but it is claimed that they were misleading.

The proposition made is that "where property along the line of a railway is burned by sparks of fire escaping from a passing locomotive engine, though the fire originated outside the right of way, negligence is presumed, and it devolves upon the company to rebut this presumption by proof. The jury were misled by the charge."

If this proposition be conceded, we do not perceive that the charges given were calculated to mislead the jury; for they contained no intimation or language that could be so construed that the burden of showing the exercise of due care did not rest on the defendant if it was shown that the fire was caused by the escape of fire from locomotives of the company.

If appellant desired a charge upon that subject he should have asked one, but did not.

Plaintiff alleged that one of the fires occurred on October 19 and the other on December 14, but did not specify the time of the day when each fire occurred, nor the particular engine from which the fire escaped.

The evidence introduced by plaintiff not identifying the locomotives from which fire was claimed to have escaped, defendant called many persons engaged in operating locomotives on the company's road on the days named for the purpose of showing that all the locomotives which passed plaintiff's place on the days the fires occurred were in good order, well supplied with all proper appliances to prevent the escape of fire, and properly operated. This evidence was objected to on the ground that it was irrelevant.

Such testimony evidently was not irrelevant, and we do not see what other class of evidence could have been used by the company in the absence of evidence showing from what particular engines, if any, the fire did in fact escape.

We do not understand appellant to contend that the evidence offered did not apply to the condition of every locomotive that passed the place at which the fire occurred on the days mentioned.

From the proposition made under the assignment now under consideration it seems to be contended that it was not only incumbent on the company to show that all its locomotives which passed on these days were properly equipped to avoid the emission of fire, and that they were well managed, but that it was also necessary for the company to show what particular engines did cause the fire.

The proposition made is that "The burden being upon appellee to show an absence of negligence, this demand of the law is not satisfied unless appellee shows by undisputed evidence that appellee was using at the times in question, and upon the very engine which caused the two fires,

the best and most approved mechanical appliances known and in use to prevent the escape of fire from its engine and sparks from its smokestack, and that the same were in good repair and condition, and were operated by a skilled engineer in a careful manner. The depositions objected to were offered for the purpose of making such a showing, but were irrelevant and incompetent for such purpose and ought to have been excluded."

It certainly was not incumbent on the company to show from what particular engine or engines fire escaped, or that it escaped from any, and evidence showing that every locomotive of the company that passed the places of the fires on the days they occurred were in proper condition and carefully operated certainly shows that "the very engine which caused the two fires" was in that condition and thus operated.

It is urged under another assignment that for want of proof such as is referred to in the proposition above quoted a new trial should have been granted, but it is unnecessary to consider that matter further.

There was evidence tending to show that all the passing engines were in good condition and well managed, and it was for the jury to determine its weight as well as the credibility of the witnesses from whom it came.

Their verdict can not be set aside on any ground now urged, and the judgment will be affirmed.

*Affirmed.*

Delivered February 13, 1891.

Motion for rehearing overruled.

*L. E. Trezevant*, for motion.